CHRISTINA SNODY v. WILLIAM ANDERSON, ADMINISTRATOR OF
W. A. SNODY.

(Filed 14 December, 1921.)

**1. Verdict—Interpretation—Instructions—Evidence—Appeal and Error.**

A verdict of the jury will be interpreted by reference to the pleadings, the facts in evidence, and the charge of the court.

**2. Same—Limitation of Actions—Quantum Valebat.**

In an action against an administrator to recover the value of services rendered to decedent for thirty-five years prior to and up to the time of his death, and the issue is answered in a certain amount under a charge restricting the recovery to within a period of three years, objection of the defendant, based on the running of the statute of limitations, is untenable.

**3. Verdict—Consistency—Contract—Quantum Valebat.**

Where the plaintiff alleges in an action against the administrator that the deceased had agreed to pay her for services rendered him, and a separate cause is alleged as to a recovery for the value of her services, a recovery upon the latter issue, with adverse verdict to her on the first, are not inconsistent and will not preclude her recovery or affect the verdict giving damages for the value of her services.

APPEAL by defendant from *Long, J.,* at the August Term, 1921, of SURRY.

Civil action to recover for value of services rendered by plaintiff to intestate for thirty-five years or more prior to latter's death, of the alleged value of $4,000. The first cause of action is on the allegation that these services were under a promise and assurance given to plaintiff that the intestate would provide compensation for plaintiff in his last will and testament. Second cause of action alleging services, and that intestate would compensate plaintiff therefor by devise of a certain piece of land. Third cause of action was for value of services.

Plaintiff offered evidence tending to prove extent of services and their value, and under an assurance of compensation, and that intestate had died a short time before suit brought and failed to make any provision by will or otherwise for compensation. There was denial of liability on part of administrator, and plea of statute of limitations with evidence tending to show that said services were not given or received in expectation of pay, and were not worth anything over and above plaintiff's support. The cause was submitted and verdict rendered on the following issues:

"1. Did the plaintiff, at the request of W. A. Snody, defendant's intestate, go to intestate's home and render services, as alleged in the complaint in plaintiff's cause of action, with the mutual understanding

between plaintiff and defendant's intestate that the intestate would provide compensation for such services in his last will and testament? Answer: 'No.'

"2. If so, what were such services reasonably worth?

"3. Did plaintiff render to the defendant's intestate services as alleged in plaintiff's third cause of action? Answer: 'Yes.'

"4. If so, what were such services reasonably worth? Answer: '$1,200.'

"5. Is plaintiff's cause of action barred by the statute of limitations? Answer: 'No.' "

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*E. C. Bivens and Carter & Carter for plaintiff.*
*Folger, Jackson & Folger for defendant.*

HOKE, J. On perusal and proper consideration of the case on appeal, it appears that the charge of the court is comprehensive, clear, and in accord with our decisions on the questions presented; that the jury, in the third cause of action, have rendered a verdict for the value of the services within the statutory period of three years, and we find nothing in the record that would justify the Court in disturbing the results of the trial. The Court is not impressed with the position that the finding in the first cause of action is inconsistent with the verdict in the third. It is true that in stating the third cause of action the pleader reaffirmed the allegations of the first as to the assurance of a provision by the last will and testament, but this was evidently only by way of averment that the services were given and received in expectation of pay, and it is clear that the third cause of action was intended as a demand for services and their value, disconnected with the averment of compensation by last will and testament. The court so interpreted the pleadings, and accordingly charged the jury that in considering the issues in the third cause of action, they would only allow for services rendered within the statutory limitation of three years. It is recognized that a verdict will be interpreted by reference to the pleadings, the facts in evidence and the charge of the court, *Reynolds v. Express Co.,* 172 N. C., 487, and applying the principle it is clear that by their verdict on the third cause of action the defendant has only been charged with the reasonable value of services rendered within the statutory period, and not otherwise. The other exceptions also are without merit.

There is no error, and the judgment on the verdict is affirmed.

No error.